ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
CHRISTOPHER F. JEU (CABN 247865)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5082
FAX: (408) 535-5066
Christopher.Jeu@usdoj.gov

Attorneys for Federal Defendant
MARISOL CHALAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLEY M. COELHO,<br><br>               Plaintiff,<br><br>             v.<br><br>MARISOL A. CHALAS,<br><br>               Defendant. | Case No. 23-cv-04525-AGT<br><br>**FEDERAL DEFENDANT'S<br>MOTION TO DISMISS**<br><br>Date:  October 6, 2023<br>Time:  10:00 a.m.<br>Location:  Courtroom A, 15th Floor<br>Judge:  Hon. Alex G. Tse |

# NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on Friday, October 6, 2023, at 10:00 a.m. or soon thereafter as the matter may be heard, in the San Francisco Courthouse, Courtroom A, 15th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Alex G. Tse, Federal Defendant U.S. Army Lieutenant Colonel Marisol Chalas will appear and move the Court pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing the Complaint (Dkt. No. 2 at 18-41) for lack of subject matter jurisdiction or for failure to state a claim. This motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings, records, and files in this action, any other matters of which the Court takes judicial notice, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

Pursuant to Civil Local Rule 7-3, Plaintiff's opposition must be filed no later than fourteen (14) days after the filing of this motion.

# RELIEF SOUGHT

Defendant seeks an order dismissing this case without leave to amend.

# ISSUES TO BE DECIDED

1. Whether the Court lacks subject matter jurisdiction under principles of sovereign immunity and the Supremacy Clause.

2. Whether this case should be dismissed under the doctrine of derivative jurisdiction.

3. Whether Plaintiff has failed to state a claim.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this removal case, Plaintiff Kelley Coelho, a U.S. Army Sergeant ("Plaintiff" or "SGT Coelho"), sought a civil harassment restraining order from Alameda County state court against Defendant U.S. Army Lieutenant Marisol Chalas ("Defendant" or "Lieutenant Colonel Chalas"). The gravamen of Plaintiff's complaint is that Lieutenant Colonel Chalas allegedly harassed and bullied Plaintiff at work, thereby trying to "ruin my career." *See* Dkt. No. 2 at 21. Plaintiff has filed at least one additional case against U.S. Army personnel. *See generally Coelho v. Roberts*, Case No. 23-cv-04527-

SI (N.D. Cal.) (removal case).

Federal Defendant respectfully moves to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim. Federal courts have "regularly dismiss[ed] removed state court petitions for restraining orders or peace orders filed by federal employees, based on alleged misconduct in the workplace,' . . . on sovereign immunity grounds." *Sherrill v. Van Cleave*, No. 22-cv-01274-PHX-DGC, 2022 WL 14644390, at *4 (D. Ariz. Oct. 25, 2022). The United States has not waived sovereign immunity for such a claim, so the Court does not have subject matter jurisdiction. Second, the Court does not have subject matter jurisdiction under the doctrine of derivative jurisdiction. Third, Plaintiff has failed to state a claim for which relief may be granted.

## II. BACKGROUND

On August 15, 2023, Plaintiff Sergeant Coelho, proceeding *pro se*, filed a Request for a Civil Harassment Restraining Order in the Superior Court of California, Alameda County, against Lieutenant Colonel Chalas, alleging that Lieutenant Colonel Chalas, her "base commander," has "continued to harass, bully, [and] defame my character." Dkt. No. 2 at 18, 21. Plaintiff claims that Lieutenant Colonel Chalas "abused her authority" during her employment at the U.S. Army "Parks Reserve Forces Training Area." *Id.* at 21. Plaintiff contends that Lieutenant Colonel Chalas has "contact[ed] individuals to ruin my career." *Id.* Plaintiff seeks a stay-away order at, *inter alia*, her "workplace." *Id.* at 20. Plaintiff notes, "we work at the same installation." *Id.*

On September 1, 2023, Lieutenant Colonel Chalas removed the lawsuit to this Court. *See generally* Dkt. Nos. 1 and 2. Lieutenant Colonel Chalas removed this case pursuant to 28 U.S.C. § 1442(a)(1), because she is a federal employee and Plaintiff's allegations relate to conduct within the scope of her federal employment.

## III. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Such motions may be a facial attack based solely on the complaint, *White v. Lee*, 227 F.3d 1214, 1252 (9th Cir. 2000), or a factual attack that looks beyond the pleadings to challenge "the

substance of a complaint's jurisdictional allegations despite their formal sufficiency." *St. Clair v. Chico*, 880 F.2d 199, 201 (9th Cir. 1989).  When considering a factual attack on subject matter jurisdiction, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the district court from evaluating for itself the merits of jurisdictional claims. *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  "[T]he district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Where a challenge is facial, the district court determines "whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction." *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 793 (N.D. Cal. 2011).  The plaintiff invoking jurisdiction has the burden of proof.  *Thornhill Pub. Co.*, 594 F.2d at 733.

**B.     Fed. R. Civ. P. 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Dismissal may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  *See SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).  Review is limited to the contents of the complaint, including its properly submitted exhibits.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To meet the facial plausibility standard, a plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the  elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

## C.  Injunctive Relief

"The standards for granting a temporary restraining order and a preliminary injunction are identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). In *Winter v. Natural Resources Defense Council, Inc.*, the Supreme Court instructed that the moving party must demonstrate that, absent an injunction, irreparable injury is not only possible, but likely. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).  Thus, "preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans*, 586 F.3d at 1127 (quoting *Winter*, 555 U.S. at 20).  In determining whether dissolution of an injunction is appropriate, the court considers the same four factors it considers when determining whether to issue a preliminary injunction. *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019).

## IV.  ARGUMENT

The Court should dismiss this case for lack of subject matter jurisdiction because the United States has not waived sovereign immunity to allow federal employees to be subject to civil harassment orders issued by state courts.  Under the Supremacy Clause, the California state court is not permitted to impede federal officers from performing their duties.  Second, because the California Superior Court did not have subject matter jurisdiction, this Court does not have subject matter jurisdiction under the doctrine of derivative jurisdiction.  In addition, Plaintiff has failed to state a claim for which relief may be granted.

**A.      There Has Been No Waiver of Sovereign Immunity for a Civil Harassment Order.**

The United States, as sovereign, is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). Thus, sovereign immunity shields the United States and its officers from suit unless an express congressional waiver of that immunity applies. *FBI v. Superior Court of Cal*, 507 F. Supp. 2d 1082, 1094 (N.D. Cal. 2007) (citing *Block v. North Dakota*, 461 U.S. 273, 287 (1983)).

The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity must be "unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). The party asserting a claim against the United States bears the burden of establishing a clear waiver of sovereign immunity. *United States v. Park Place Assoc., Ltd*., 563 F.3d 907, 924 (9th Cir. 2009). Any waiver of that immunity must be strictly construed in favor of the United States. *United States v. Nordic Vill., Inc*., 503 U.S. 30, 33-34 (1992); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). A suit against a government officer in her official capacity is really "a suit against the official's office," and so officers acting within their authority generally also receive sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Larson v. Domestic & Foreign Commerce Corp*., 337 U.S. 682, 687 (1949).

In general, an action seeking a judgment that would "interfere with the public administration" or "restrain the Government from acting" constitutes a suit against the sovereign. *See Washington v. Udall*, 417 F.2d 1310, 1315 (9th Cir. 1969) (citing *Dugan v. Rank,* 372 U.S. 609, 620 (1963)). *See Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014) ("[O]fficers acting within their authority generally . . . receive sovereign immunity" because an action against a government official in his official capacity is actually a "suit against the official's office.").

Ninth Circuit district courts, following authorities such as *Hendy*, have regularly dismissed similar cases seeking injunctive relief against federal government employees.

For instance, in *Clark v. United States*, the Western District of Washington recently dismissed a similar case in which the plaintiff sought a "temporary order of protection against harassment and/or

stalking," based on the plaintiff's allegations that a U.S. Department of Veterans Affairs co-worker had "harassed her in the workplace." *Clark*, No. 21-cv-00507-MJP, 2021 WL 3129623, at *1 (W.D. Wash. July 23, 2021). The *Clark* court held that it lacked subject matter jurisdiction because the United States had not waived sovereign immunity for litigation seeking a "a state court order of protection" that would "restrict their activities in the workplace." *Id*. at *2. The *Clark* court reasoned that "the relief sought would interfere with duties carried out by a federal employee at a federal workplace, in conflict with the Supremacy Clause." *Id*. In addition, the "relief sought would restrict [the federal co-worker's] conduct at work in various ways, including by restraining him from the Parties' workplace for over a year." *Id*. "Courts considering similar circumstances have reached the same conclusion—there is no subject-matter jurisdiction here." *Id*. (citing *Hendy*, 555 Fed. App'x. at 226-27).

Likewise, in *Kline v. Johns*, the Northern District of California recently dissolved a temporary restraining order on sovereign immunity and Supremacy Clause grounds. *Kline*, No. 21-cv-03924-KAW, 2021 WL 3555734, at *2 (N.D. Cal. Aug. 2, 2021), *appeal dismissed*, No. 21-16316, 2021 WL 7442177 (9th Cir. Dec. 7, 2021). The *Kline* court reasoned that "[s]overeign immunity shields the United States and its officers from suit," unless there has been an "express congressional waiver of that immunity." *Id*. In addition, the "Supremacy Clause precludes state courts from enforcing orders that interfere with the performance of federal officers." *Id*. (citing *Figueroa v. Baca*, No. 17-cv-1471, 2018 WL 2041383, at *3 (C.D. Cal. Apr. 30, 2018)). The *Kline* court reasoned that the "TRO violates the Supremacy Clause because it interferes with Defendant's performance of his federal duties." *Id*. at *3.

Many other courts are in accord. *See, e.g.*, *Figueroa*, 2018 WL 2041383, at *2-3 (quashing state court civil harassment restraining order against federal employee acting within scope of federal employment on grounds of sovereign immunity and the Supremacy Clause); *Sherrill*, 2022 WL 14644390, at *4 (collecting cases and explaining that "'federal courts regularly dismiss removed state court petitions for restraining orders or peace orders filed by federal employees, based on alleged misconduct in the workplace,' . . . on sovereign immunity grounds") (citing *Cui v. United States*, No. 22-cv-00470, 2022 WL 2664348, at *4 (E.D. La. July 9, 2022)); *Perkins v. Dennis*, No. 16-cv-2865, 2017 WL 1194180, at *2 (D. Md. Mar. 30, 2017) ("federal courts regularly dismiss removed state court

petitions for restraining orders or peace orders filed by federal employees, based on alleged misconduct in the workplace, to restrain the conduct of a co-worker at a federal office.").

In this case, U.S. Army Sergeant Coelho alleges that U.S. Army Lieutenant Colonel Chalas has "continued to harass, bully, [and] defame my character" during her "employment @ Parks Reserve Forces Training Area." Dkt. No. 2 at 21. Along these lines, Plaintiff contends that Lieutenant Colonel Chalas has "contact[ed] individuals to ruin my career." *Id*. Plaintiff admits that "we work at the same installation." *Id*. at 20. As Plaintiff's allegations are based on Lieutenant Colonel Chalas' purported workplace conduct, Lieutenant Colonel Chalas was acting in the course and scope of employment during all relevant times.

Plaintiff has not alleged any waiver of sovereign immunity that would allow her to obtain an order of protection against a federal government employee. The order of protection she seeks is broad and includes a requirement that defendant be restrained, *inter alia*, from the parties' workplace. *Id*. at 20. In making that request, plaintiff seeks to restrict and impose standards on what Lieutenant Colonel Chalas can say and do in the federal workplace. The breadth of the requested order sought would affect Lieutenant Colonel Chalas's ability to perform her duties and restrict interactions in the federal workplace.

The Court should dismiss this case for lack of subject matter jurisdiction under principles of sovereign immunity, in view of the Supremacy Clause.

**B.     Under the Doctrine of Derivative Jurisdiction, this Case Should Be Dismissed.**

Second, Plaintiff's action is barred by the long-standing doctrine of derivative jurisdiction. The doctrine holds that a federal court acquires jurisdiction following removal only to the extent the state court had jurisdiction, even if the federal court would have had jurisdiction if the case had been filed there originally. *In re Elko Cnty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997); *see also Lambert Run Coal Co. v. Baltimore & Ohio R. R. Co.*, 258 U.S. 377, 382 (1922) ("The jurisdiction of the federal court on removal is, in a limited sense, derivative jurisdiction. If the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."); *Beeman v. Olson*, 828 F.2d 620, 621 (9th Cir. 1987) (dismissing

suit against six federal officers in their official capacities that had been removed from California state court).

Where a suit is removed to federal court because it involves a federal officer, the federal court exercises "a purely derivative form of jurisdiction, neither enlarging nor contracting the rights of the parties." *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981). In other words, "if the state court lacks jurisdiction over a given matter, the case is a nullity when filed and a fortiori, the district court acquired no subject matter jurisdiction over those claims upon removal." *FBI*, 507 F. Supp. 2d at 1090 (citations and internal quotation marks omitted).

Although Congress eliminated the doctrine of derivative jurisdiction for actions removed under 28 U.S.C. § 1441, *see* 28 U.S.C. § 1441(f), the doctrine remains applicable to removals under Section 1442. *Acosta v. Kijakazki*, No. 22-55288, 2023 WL 3033499, at *1 (9th Cir. Apr. 21, 2023) (citing *Cox v. U.S. Dep't of Agriculture*, 800 F.3d 1031, 1032 (9th Cir. 2015) (mem)).

In *Guancione v. Espinoza*, a recent Northern District of California case, the court dismissed a similar complaint based on principles of derivative jurisdiction. *Guancione*, No. 23-cv-1935-BLF, 2023 WL 4551073, at *5 (N.D. Cal. July 14, 2023). The court reasoned, "In cases removed under § 1442, like this one, the federal court's jurisdiction is derivative of the state court's jurisdiction." *Id*. at *4. The plaintiff had not established that there had been "an express waiver of sovereign immunity." *Id*. "Thus, the state court lacked jurisdiction to issue the TRO due to sovereign immunity, and pursuant to the doctrine of derivative jurisdiction, this Court lacks jurisdiction and must dismiss this case." *Id. See also Kline*, 2021 WL 3555734, at *3 ("because the state court lacked jurisdiction, this Court also lacks jurisdiction, requiring dismissal.").

As discussed in Section IV.A, the United States has not waived sovereign immunity for such a lawsuit. The California state court is not permitted to issue a civil harassment order that would impair U.S. Army operations. Under principles of derivative jurisdiction, this Court therefore also lacks jurisdiction and should dismiss this matter.

**C.      Under Rule 12(b)(6), Plaintiff Has Failed to State a Claim.**

In the alternative, the Court should dismiss Plaintiff's Complaint in its entirety due to the failure

to state a claim. Plaintiff's "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. Plaintiff may not rely on "bare assertion[s]." *See Williams v. California*, 764 F.3d 1002, 1017 (9th Cir. 2014) (dismissing claim based on "boilerplate allegation" that failed to "rise above the speculative level"). Nor may Plaintiff rely on "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (citing Fed. R. Civ. P. 8).

Here, Plaintiff's request for a civil harassment order against Lieutenant Colonel Chalas is based on Plaintiff's conclusory allegations that she "has continued to harass, bully, defame my character, lie, and manipulate." Dkt. No. 2 at 21. Plaintiff further alleges that Lieutenant Colonel Chalas "abused her authority, power and position." *Id.* Under *Iqbal/Twombly*, Plaintiff's boilerplate allegations do not plausibly explain why she is entitled to a civil harassment order.

## V.    CONCLUSION

For the reasons explained above, defendant respectfully requests that the Court dismiss Plaintiff's complaint without leave to amend.

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

Dated: September 8, 2023          By:     */s/ Christopher Jeu*
                                          Christopher Jeu
                                          Assistant United States Attorney
                                          Attorney for Federal Defendant
                                          U.S. Army Lieutenant Colonel Marisol Chalas