UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLEY MARIE COELHO,<br><br>    Plaintiff,<br><br>    v.<br><br>MARISOL A. CHALAS,<br><br>    Defendant.<br><br>-------------------------------------------------------<br><br>KELLEY MARIE COELHO,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH TIMOTHY ROBERTS,<br><br>    Defendant. | Case No. 23-cv-04525-SI<br><br>Case No. 23-cv-04527 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING MOTION TO REMOVE DKT. NO. 24 IN 25-4525 SI**<br><br>Re: Dkt. Nos. 6, 26 in 23-4525<br><br>Re:  Dkt. No. 4 in 23-4527<br><br><br>**ORDER TO BE FILED IN BOTH CASES** |

On January 12, 2024, the Court held a hearing on defendants' motions to dismiss these related cases. For the reasons set forth below, the Court GRANTS the motions. The Court also GRANTS Coelho's motion to remove an incorrectly filed document (Dkt. No. 24) in the *Chalas* case. The Court will issue a separate order regarding Coelho's motions to seal.

**BACKGROUND**

In August 2023, self-represented plaintiff Kelley Marie Coelho, a U.S. Army Sergeant, filed separate requests for "civil harassment" restraining orders in Alameda County Superior Court

against two of her superior officers, U.S. Army Lieutenant Colonel Marisol Chalas and Captain Joseph Timothy Roberts. *Coelho v. Chalas*, Case No. 23CV040550 (Alameda Sup. Ct.) & *Coelho v. Roberts*, Case No. 23CV040551 (Alameda Sup. Ct.). In both requests, Coelho sought stay-away orders at, among other places, her "job or workplace," and personal conduct orders prohibiting Chalas and Roberts from contacting Coelho "either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by email, by text message, by fax, or by other electronic means." Case No. 23-4525 Dkt. No. 1-1 at 21; Case No. 23-4527, Dkt. No. 1-1 at 14. Coelho also seeks stay-away orders from other locations, such as her home and her children's schools. *Id.* Coelho alleges that Chalas and Roberts have abused their authority, harassed and bullied her, and ruined her military career. *See* 23-4525, Dkt. No. 1-1 at 22 ("Marisol A. Chalas has continued to harass, bully, defame my character, lie and manipulate. She has abused her authority, power and position during my employment @ Parks Reserve Forces Training Area. She continues to contact individuals to ruin my career based off me filing an IG complaint on her. . . ."); Case No. 23-4527, Dkt. No. 1-1 at 13 ("I have never met Cpt. Roberts in person. Cpt. Roberts has abused his rank and position to bully, target and harass me. Cpt. Roberts has actively sought out to ruin my military career and defame my name & character. . . . "). In both cases, the Alameda County Superior Court denied the requests pending a hearing, and scheduled hearings for September 5, 2023.

The United States Attorney's Office received copies of the requests for civil restraining orders, and on September 1, 2023, the federal government removed both cases pursuant to 28 U.S.C. § 1442(a)(1). That statute provides,

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

1    On September 8, 2023, the government moved to dismiss both cases for lack of subject
2    matter jurisdiction based on sovereign immunity pursuant to Federal Rule of Civil Procedure
3    12(b)(1), and failure to state a claim under Rule 12(b)(6). Coelho received several extensions of
4    time to file her oppositions, and on December 11 and 14, filed her oppositions to the motions.

## LEGAL STANDARD

A case may be dismissed when there is a "lack of subject matter jurisdiction." Fed. R. Civ. Pro. 12(b)(1). Rule 12(b)(1) is a "proper vehicle for invoking sovereign immunity from suit." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). In the context of a 12(b)(1) motion to dismiss based on sovereign immunity, the party invoking the court's jurisdiction bears the burden of showing that sovereign immunity does not bar suit. *Id.* A plaintiff must point to a statute by Congress that has waived immunity to establish subject matter jurisdiction when asserting a claim against a defendant in their official capacity. *See Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011).

## DISCUSSION

The government contends that this Court lacks jurisdiction over both cases because the United States has not waived sovereign immunity to allow federal employees to be subject to state harassment orders issued by state courts where those orders would restrict the employees' activities in the workplace. The government argues that because the state courts lacked jurisdiction over Coelho's requests for civil restraining orders, this Court lacks jurisdiction pursuant to the doctrine of "derivative jurisdiction." Under the doctrine of derivative jurisdiction, "a federal court [is] without jurisdiction over a suit removed to it from a state court if the state court from which it was removed lacked subject matter jurisdiction, even though the federal court would have had jurisdiction had the suit been brought there originally." *Beeman v. Olson*, 828 F.3d 620, 621 (9th Cir. 1987); *see also F.B.I. v. Superior Court of Cal.*, 507 F. Supp. 2d 1082, 1092 (N.D. Cal. 2007) (analyzing the derivative jurisdiction doctrine and concluding that "the doctrine of derivative jurisdiction applies to § 1442 removals").

3

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity must be "unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). "The general rule is that a suit against the United States is defined broadly as any action seeking a judgment that would: 1) 'expend itself on the public treasury or domain;' 2) 'interfere with the public administration;' or 3) 'restrain the Government from acting' or 'compel it to act.'" *F.B.I. v. Superior Ct. of Cal.*, 507 F. Supp. 2d 1082, 1094 (N.D. Cal. 2007) (quoting *Washington v. Udall*, 417 F.2d 1310, 1315 (9th Cir. 1969)). "An action against a government employee constitutes a suit against the United States assuming it would have one of these effects." *Id.* However, a suit against a federal employee is not barred by sovereign immunity "1) when an employee's actions exceed the scope of the statutory powers conferred upon him or her; and 2) when, despite acting within the scope of his or her authority, the employee was acting unconstitutionally." *Id.* (citing *Dugan v. Rank*, 372 U.S. 609, 621-22 (1963)).

In response to defendants' motions, Coelho asserts that the United States has waived sovereign immunity through the Tucker Act or the Military Claims Act. Neither is applicable here. "The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the United States Court of Federal Claims to 'claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.'" *Hairston v. United States*, No. 11-136C, 2011 WL 2573130 (Fed. Cl. June 29, 2011) (quoting 28 U.S.C. § 1491(a)(1)). Among other limitations, the only proper defendant in a Tucker Act claim is the government, not an individual, and the Tucker Act grants the Court of Federal Claims jurisdiction "only over claims derived from money-mandating sources of law." *Id.* Here, Coelho seeks non-monetary relief against individual defendants. The Military Claims Act "authorizes the Secretary of the Air Force to settle claims for 'personal injury or death . . . caused by a civilian officer or employee of that department [or member of one of the armed services] acting within the scope of his employment. . . . '" *Hata v. United States*, 23 F.3d 230, 233 (9th Cir. 1994) (quoting 10 U.S.C. § 2733(a)(3)). Neither the Tucker Act nor the Military Claims Act waive sovereign

4

immunity for civil harassment claims such as Coelho's.

At the hearing, Coelho confirmed that all of her claims against Chalas and Roberts arise out of workplace conduct, and none of the alleged harassment was unrelated to work.[1] There is no dispute that the civil restraining orders that Coelho seeks would restrict defendants' activities in the workplace. Numerous courts have found requests for civil restraining orders against federal employees to be barred by sovereign immunity when the employees are acting in the scope of their employment and the restraining orders would restrict their activities in the workplace. *See Guancione v. Espinoza*, Case No. 23-cv-01935-BLF, 2023 WL 4551073, at *4-5 (N.D. Cal. July 14, 2023) (holding sovereign immunity barred suit and dissolving stay away order against federal marshal where marshal was executing court-ordered real estate foreclosure and judicial sale of property); *Kline v. Johns*, No. 21-cv-03924-KAW, 2021 WL 3555734, at *2 (N.D. Cal. Aug. 2, 2021) (dismissing case based on sovereign immunity and dissolving civil harassment restraining order against federal employee where the plaintiff claimed harassment in the workplace because the "TRO interferes with Defendant's ability to perform his job as a federal employee"), appeal dismissed, No. 21-16316, 2021 WL 7442177 (9th Cir. Dec. 7, 2021); *see also Sherill v. Van Cleave*, No. CV-22-01274-PHX-DGC, 2022 WL 14644390, at *4-5 (D. Ariz. Oct. 25, 2022) ("To the extent the injunction restrains Van Cleave from having contact with Sherrill at the federal workplace and going to the workplace, the Court agrees with the United States that the injunction is barred by sovereign immunity."); *Clark v. United States*, Case No. C21-507 MJP, 2021 WL 3129623, at *2 (W.D. Wash. July 23, 2021) (where parties were co-workers at federal agency, dismissing case based on sovereign immunity because "[t]he petition does not identify any provision of law by which the United States has waived sovereign immunity for the purpose of permitting its employees, acting in the scope of their employment, to be sued such that a state-court order of protection could be issued against them and restrict their activities at the workplace"); *Figueroa v. Baca*, Case No. ED CV 17–1471 PA (AGRx), 2018 WL 2041383, at *3 (C.D. Cal. Apr. 30, 2018) (where parties were

---

[1] Coelho also stated that she is currently telecommuting and no longer works with Chalas or Roberts, and that she is in the process of retiring from the military.

civilian employees at Fort Irwin Army Garrison, dissolving portion of a TRO that applied to workplace and remanding remainder of case to state court).  The Court agrees with the reasoning of these courts, and finds that Coelho's requests for civil restraining orders are barred by sovereign immunity.[2]

Because Coelho's requests for civil restraining orders are barred by sovereign immunity, the state courts lacked jurisdiction over her claims, as does this Court pursuant to the derivative jurisdiction doctrine.  For these reasons, the Court GRANTS defendants' motions and DISMISSES these related cases.

## CONCLUSION

The Court GRANTS defendants' motions to dismiss for lack of subject matter jurisdiction and GRANTS plaintiff's request to remove Dkt. No. 24 in Case No. 23-4525 SI.

**IT IS SO ORDERED**.

Dated: January 12, 2024

_____
SUSAN ILLSTON
United States District Judge

---

[2] There is nothing in the record to suggest that defendants' actions fall within an exception to sovereign immunity.